JOHN L. BURRIS, Esq. (SBN 69888)
DEWITT M. LACY, Esq. (SBN 258789)
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
T: (510) 839-5200
F: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiff
MICHAEL BEAL and ASHLEY JACKSON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BEAL and ASHLEY JACKSON,<br><br>              Plaintiffs,<br><br>    vs.<br><br>ROYAL OAK BAR, and ARES PAPAGEORGE,<br>              Defendants. | Case No.: 13-cv-4911-LB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:    May 1, 2014<br>Time:   9:30 a.m.<br>Dept:   Courtroom C, 15th Floor<br><br>Honorable Laurel Beeler |

## INTRODUCTION

This action arises out of the intentionally harmful and offensive beating and assault of Plaintiffs Michael Beal and Ashley Jackson by Defendant Ares Papageorge employee and/or owner of Defendant Royal Oak Bar.

Defendants move for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure, Rule 12(c). Specifically, Defendants claim that the discovery stipulation the parties reached on June 7, 2013, in which Plaintiffs agreed not to allege claims for specific emotional disorders for which they had been diagnosed as a result of this encounter, estops Plaintiffs from claiming Intentional Infliction of Emotional Distress and from seeking damages for the severe emotional distress that they suffered.

Defendants urge that any reference to "severe" emotional distress be stricken from the First Amended Complaint (FAC). Defendants also allege that Respondeat Superior is not a separate cause of action and that with its dismissal there are no causes of action plausible against Defendant Royal Oak Bar. In making this argument, Defendants rely on matters outside of the pleadings that are not properly considered on a motion for judgment on the pleadings.

Plaintiffs maintain that the express terms of the June 7, 2013, limits the allegations and proof of specific mental disorders for which both Plaintiffs had been diagnosed but does not (and never was intended to) defeat Plaintiffs' claim of Intentional Infliction of Emotional Distress or preclude proof of any and all of Plaintiffs' allegations of "severe" emotional distress. Plaintiffs also maintain that the FAC expressly alleges that Defendant Ares Papageorge held himself out as an employee, manager, owner and/or otherwise person in charge of the Royal Oak Bar during the subject incident, as such, via the respondeat superior theory of liability Defendant Royal Oak Bar is responsible for the damages sustained by Plaintiffs.

Plaintiffs submit that they adequately allege their claims against all Defendants. As such, the Court should deny Defendants' Motion for Judgment on the Pleadings.

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

On March 17, 2010, at 11:30 p.m., while Plaintiffs were at the Royal Oak Bar, located at 2201 Polk Street in San Francisco, California, Defendant Ares Papageorge attacked them. Defendant Ares Papageorge was acting as an employee, manager, or owner of the bar during the time of the incident. Plaintiff Beal approached the bar to discuss the whereabouts of his credit card with the bartender. Defendant Ares Papageorge intervened, confronted Plaintiff Beal, and escalated the discussion to an argument, telling both Plaintiffs to "get the f—k out of my bar, or I'll put you out!"

Suddenly, Defendant Ares Papageorge smashed Plaintiff Beal in the head with a blunt object or a bat that he retrieved from behind the bar and knocked Plaintiff Beal to the ground. Defendant Ares Papageorge continued to hit Plaintiff Beal in the head and back with the object, bloodying him. Plaintiff Jackson moved toward Plaintiff Beal and Defendant Ares Papageorge protesting the attack. Defendant Ares Papageorge threatened to hit Plaintiff Jackson with the weapon and again ordered both

Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' First Amended Complaint
Case No. C-13-4911-LB

Plaintiffs to get out of his bar.

Plaintiff Beal was taken from the scene of the incident by ambulance to the hospital, as he was bleeding heavily and was experiencing nausea and disorientation. He was given a CT scan and received stitches for his head wound. Plaintiff Beal was discharged with a prescription for painkillers and anti-inflammatory medication for his back pain where he was struck. His symptoms caused him to return to the hospital a few days later, as he continued to experience nausea and dizziness. Plaintiff Beal suffered from visual impairment and headaches for several months after the incident and his head wound created a scar on his head that is visible to this day. Plaintiff Jackson was traumatized both by witnessing the attack on Plaintiff Beal as well as enduring Defendant Ares Papageorge's threats to strike her as well.

Both Plaintiffs have been diagnosed with depression, post-traumatic stress disorder, paranoia, and other related psychological conditions by their medical providers through the course of the treatment they received as a result of the subject incident. See June 3, 2013, Discovery Stipulation at ¶¶ 4-5, Document 22-2. Defendants demanded that both Plaintiffs submit to mental examinations by experts in an attempt to vet the validity of Plaintiff's medical provider's diagnoses. *Id*. To this end, on June 3, 2013, the parties entered into a stipulation in which Plaintiffs relinquished their right to seek damages for the psychological disorders for which they had been diagnosed and Defendants agreed not to pursue having Plaintiffs submit to mental health examinations and procuring expert opinion testimony regarding these specific and discreet psychological disorders. Document 22-2 at ¶¶ 6-7. The terms of the stipulation did not (and was never intended to) defeat Plaintiffs' claims for Intentional Infliction of Emotional Distress or prevent them from seeking damages for the severe emotional distress that are usually associated with the physical injuries Plaintiffs suffered as a result of the horrible beating they were subject to at the hands of the Defendants. Document 22-2 at ¶6.

**ARGUMENT**

**A. Legal Standard for Rule 12(c) Motions**

Defendants' Motion for Judgment on the Pleadings is governed by Federal Rule of Civil Procedure 12(c), which provides: "After pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(d) adds that "If, on a motion under Rule...12(c), matters outside the pleadings are not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The standard governing a Rule 12(c) motion is essentially the same as that governing a Rule 12(b)(6) motion. *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989); *Qwest Comm'ns Corp. v. City of Berkeley,* 208 F.R.D. 288, 291 (N.D. Cal. 2002) (explaining that "Rules 12(b) (6) and 12(c) are substantially identical; both permit challenges to the legal sufficiency of the opposing party's pleadings. However, unlike Rule 12(b)(6), a Rule 12(c) motion for judgment on the pleadings may be made by either party."). "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing.... [Otherwise,] the motions are functionally identical." *Dworkin,* 867 F.2d at 1192.

Thus, a Rule 12(c) motion will only be granted when, viewing the facts as presented in the pleadings in the light most favorable to the plaintiff, and accepting those facts as true, the moving party is entitled to judgment as a matter of law. *Hoeft v. Tucson Unified Sch. Dist.,* 967 F.2d 1298, 1301 n. 2 (9th Cir. 1992) ("In reviewing the defendants' motions under Fed.R.Civ.P. 12(c), the district court views the facts as presented in the pleadings in the light most favorable to the plaintiffs, accepting as true all the allegations in their complaint and treating as false those allegations in the answer that contradict the plaintiffs' allegations."). It must, moreover, be clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint before the motion can be granted. *See McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988).

**B. Plaintiffs' Claims for Intentional Infliction of Emotional Distress and Related Allegations and Requests for Relief are Properly Pleaded and Must Go Forward**

Defendants claim that the June 3, 2013, discovery stipulation entered by the parties precludes any claim of "severe" emotional distress, including the type or degree of emotional distress required

Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' First Amended Complaint
Case No. C-13-4911-LB

under Plaintiffs' Intentional Infliction of Emotional Distress (IIED) claim and that Plaintiffs are estopped from making an IIED claim and any reference to "severe" emotional distress. In so arguing, Defendants misrepresent the scope of the stipulation.

***The June 7, 2013, Stipulation***

The June 7, 2013 stipulation, itself, explains what prompted the parties to seek an agreement, "Defendants demanded a mental examination of both Plaintiffs in connection with the plaintiffs' claims of depression, PTSD, paranoia, and related psychological claims," and that the parties had engaged in extensive motion work in connection with Plaintiffs' psychological claims. (See Document 22-2 at ¶¶4-5.) As such, Plaintiffs stipulated and agreed that they would not make a claim "for mental and emotional distress over and above that usually associated with the physical injuries claimed; they [would] not claim depression, PTSD, paranoia, or related psychological conditions as injuries in this case. Further, Plaintiffs stipulate[d] and agree[d] that no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages. Plaintiffs are not claiming any psychological disorders, injuries, or conditions were caused by what transpired at the Royal Oak Bar on March 17, 2010, and shall not present any such evidence at trial over and above that usually associated with the physical injuries claimed." Document 22-2 at ¶6. "In exchange, Defendants shall not seek mental examinations of Plaintiffs and shall drop their demands for mental examinations of both Plaintiffs." Document 22-2 at ¶7.

Contrary to Defendants' misapprehension, the stipulation does not preclude Plaintiffs from alleging that they suffered severe emotional distress. Indeed, the stipulation expressly precludes Plaintiffs from lodging claims of specific psychological diagnoses, such as depression, PTSD, paranoia, and related psychological claims that would necessarily require mental health examinations, additional motion work, and great expense attendant with proving these specific psychological diagnoses. By the express terms of the stipulation and the clear understanding of the parties at the time they entered into the instant stipulation, Plaintiffs did not stipulate that they would not seek redress for the severe emotional distress they suffered as a result of the subject incident and they are not estopped from making claims regarding their severe emotional distress. Indeed, if by their stipulation the parties intended to extinguish the Plaintiffs' rights to all allegations of "severe" emotional distress, Plaintiffs

Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' First Amended Complaint
Case No. C-13-4911-LB

would have also been required to drop their claim for IIED which was alleged in the original complaint at the time of the parties into the stipulation. Document 22-2 at ¶3 ("Plaintiffs Michael Beal and Ashley Jackson's motion for leave to file a first amended complaint is set to be heard in this Court on June 7, 2013. In that motion, Plaintiffs seek *only* to add to their prayer for relief claims for (a) pain and suffering, and (b) punitive damages."). Clearly, the pervasive and all-encompassing release of rights to seek redress for Plaintiffs' severe and extensive emotional distress as a result of the subject-incident was not contemplated or reached by the June 3, 2013, discovery stipulation.

***Plaintiffs Can Prove They Suffered "Severe" Emotional Distress without Presenting Expert Testimony***

"A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair,* 46 Cal.4th 1035, 1050 (2009). "A defendant's conduct is 'outrageous' [only] when it is so 'extreme as to exceed all bound of that [which is] usually tolerated in a civilized community.'" *Hughes,* 46 Cal.4th at 1050–51. Here, the alleged outrageous conduct is Defendant Ares Papageorge: repeatedly beating Plaintiff Beal about the head with a bat in response to Plaintiff Beal's request for his credit card to be returned to him; demanding that both Plaintiffs leave his bar; and threatening to strike Plaintiff Jackson with the bat when she attempted to aid Plaintiff Beal. Of course, Defendants do not challenge this element nor could they as this was clearly intentional conduct by Defendant Ares Papageorge directed at both Plaintiffs with a very high probability of causing them severe emotional distress.

"Severe emotional distress means emotional distress of such substantial...or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Hughes,* 46 Cal.4th at 1051. Vague assertions of worry, anxiety, or concern are insufficient. *See Hughes,* 46 Cal.4th at 1051. The California Supreme Court has set a "high bar" with respect to what constitutes severe emotional distress. *Id*. Plaintiffs offer their own testimony as proof of the severe emotional distress they suffered as result of the subject incident.

California law does not require expert testimony to establish that the plaintiff suffered emotional distress-lay opinion alone can be sufficient. *See Godfrey v. Steinpress,* 128 Cal.App.3d 154, 186 (1982) (quoting Bob Dylan, *Subterranean Homesick Blues* (Columbia Records 1965) ("You don't need a weatherman to know which way the wind blows.")); Fed.R.Evid., Rule, 701 (lay opinion is admissible when it is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."). Indeed, "lay opinion traditionally has been received as to the mental, emotional or physical condition of a person observed by the witness." 29 Charles Wright, et al., *Federal Practice & Procedure* § 6225 (2007 online ed.); *see United States v. Meling,* 47 F.3d 1546, 1556 (9th Cir.1995). As such, Plaintiffs' testimony that they suffered from persistent and enduring fears and anxiety stemming from the subject incident, alone can sufficiently prove severe emotional distress. See e.g. *Fletcher v. Western National Life Ins. Co.*, 10 Cal.App.3d 376, 397 (1970) (holding persistent and enduring fear is sufficient to satisfy the requirement of severe emotional distress). Of course, here Plaintiffs also intend on presenting the testimony of their medical providers regarding the extreme emotional distress for which they were treated.

Defendants' argument on this point must fail and Plaintiffs' claim for IIED and assertions of suffering "severe" emotional distress must not be disturbed.

### C. Plaintiffs Adequately Allege that Ares Papageorge Acted as an Employee, Manager, Owner, and/or Agent of Royal Oak Bar

Defendants argue that the Fourth Cause of Action styled as a claim for Respondeat Superior should be dismissed. Defendants then make a fantastic leap out of the scope of Rule 12(c) and into the world of summary judgment and Rule 56 by asserting facts and relying on material that are not alleged in (or attendant with) the FAC and that are not favorable to the non-moving party—here Plaintiffs—and by urging that Defendant Royal Oak should be dismissed from the litigation as "alleging a cause of action against the Royal Oak Bar would be futile." Defendants' argument strains credulity.

### Defendants' Additional Materials Submitted with the Instant Motion

From the outset, Plaintiffs address the materials that Defendants submitted in support their

7

Motion for Judgment on the Pleadings. Defendants filed a Request for Judicial Notice in which they ask the Court to take Judicial Notice of pleadings (i.e. the FAC, The June 3, 2013 discover stipulation, Defendants' Answer to the FAC, and this Court's Case Management and Pretrial Order) that have already been filed with this Court. Documents 22-1 through 4. Plaintiffs do not oppose Defendants' Request for Judicial Notice; except to underscore that the Court is to treat as false those allegations in Defendants' Answer to the FAC that contradict Plaintiffs' allegations in the FAC. See *Hoeft v. Tucson Unified Sch. Dist., supra*, 967 F.2d at 1301, fn. 2.

Plaintiffs, however, strenuously object to the Court considering the Declaration of Counsel In Support of Motion to (sic) for Judgment on the Pleadings as to Plaintiffs' First Amended Complaint. Document 23. The Declaration includes portions of the deposition testimony of Kathryn Papageorge, owner of Defendant Royal Oak Bar, in which she denies that Ares Papageorge was an employee or agent of Royal Oak Bar at the time of the subject incident. This testimony is clearly outside the four corners of the pleadings and contradicts Plaintiffs' allegations in the FAC and, as such, is not properly considered on Motion for Judgment on the Pleadings. Cf., *Virtusio v. Financial Industry Regulatory Authority, Inc.*, 2013 WL 1899830 *1 (N.D.Cal. 2013) (citing Fed.R.Evid. 201(b) in finding "deposition transcript and its contents are not facts 'generally known within the trial court's territorial jurisdiction' or that 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'").

If the Court does rely on this testimony, and thereby treats Defendants' motion on this point as motion for summary judgment, then Defendants' point fails under that standard as well, because summary judgment the fact of whether Ares Papageorge was an employee, manager, owner, or otherwise an agent of Defendant Royal Oak Bar is in dispute as Defendant Ares Papageorge demanded Plaintiffs leave "his bar" when he forced them to leave and a jury is required to determine the credibility of Kathryn Papageorge's self-serving testimony. Accord, *Schabarum v. California Legislature*, 60 Cal.App.4th 1205, 1216 (1998) (finding under California law judgment on the pleadings does not depend upon questions of witness credibility or evidentiary conflicts, but must be denied where there are material factual issues that require evidentiary resolution); *Del E. Webb Corp. v. Structural Materials Co.*, 123 Cal.App.3d 593, 605 (1981) (denying defendants' "demurrer… could

not properly consider the testimony of the defense witnesses tending to refute [plaintiff's] claims").)

**Plaintiffs' Respondeat Superior Cause of Action**

From the outset, Plaintiffs' recognize that, "Respondeat superior is not an independent cause of action; rather, it is a theory of liability." *Animal Legal Defense Fund v. HVFG LLC*, 2013 WL 3242244, *3-4 (N.D.Cal. 2013) (dismissing respondeat superior cause of action without leave to amend). Indeed,

> Respondeat superior is a common law principle of secondary liability and generally "summarizes the doctrine that a master or other principal is responsible, under certain conditions, for the conduct of a servant or other agent." Seavey, *Speculations as to "Respondeat Superior,"* Harv.Legal Essays 433 (1934). A common application of this doctrine is the liability of an employer for a tort committed by one of its employees acting within the scope of his employment, or for a misleading statement made by an employee or other agent who has actual or apparent authority. *See Restatement (Second) of Agency* §§ 219, 257, 261 (1958).

*Hollinger v. Titan Capital Corp*., 914 F.2d 1564, 1577, fn. 28 (9th Cir. 1990).

Even if this Court dismisses Plaintiffs' cause of action for respondeat superior, "[P]laintiffs may still rely on the theory of respondeat superior as a basis of liability for [Defendant Royal Oak Bar], provided that it is adequately alleged." See *Animal Legal Defense Fund, supra*, 2013 WL 3242244 at *3-4 (N.D. Cal. 2013). In the FAC, Plaintiffs expressly alleged that Defendant Ares Papageorge was employed by and/or had an ownership interest in the Royal Oak Bar acting within the course and scope of employment (Document 22-1 ¶ 4.) Moreover, Plaintiffs allege that Defendant Ares Papageorge held himself out as an employee, manager, and/or owner of the Royal Oak Bar, in that he grabbed a bat from behind the bar[1], and repeatedly told the Plaintiffs to "get the f—k out of *my* bar, or I'll put you out!" (Document 22-1 at ¶8 (emphasis added).)

Additionally, Defendants urge that they are entitled to relief regarding Plaintiffs' prayer for punitive damages against Defendant Royal Oak Bar because Plaintiffs cannot and have not alleged that Defendant Ares Papageorge acted as an agent or manager of the Royal Oak Bar. As discussed above, Plaintiffs' expressly allege that Defendant Ares Papageorge acted as an employee, manager and/or

---

[1] Defendants, themselves, note, albeit without citing to any authority, that it is prohibited by law for non-employees and/or patrons to behind the bar of an establishment like Royal Oak Bar. See Document 24 at 1:24-25.

Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' First Amended Complaint
Case No. C-13-4911-LB

owner and thereby agent of Royal Oak Bar and acted with the approval and ratification of the Royal Oak Bar in his encounter with Plaintiffs. Cal. Civil Code § 3294, subd. (b) (governing prayer for punitive damages against employers for acts of employees).

Defendants' arguments on these points must fail. Plaintiffs expressly allege that Defendant Ares Papageorge was and held himself out as an agent of Royal Oak Bar and are thus entitled to pursue Defendant Royal Oak Bar on a respondeat superior theory of liability and seek punitive damages against this Defendant.

**D. Defendants' Miscellaneous Arguments**

Defendants also contend that Plaintiffs are not entitled to an award of attorney's should Plaintiffs prove to be the prevailing party and that Plaintiffs' prayer for such relief should be stricken. Again, Defendants are mistaken. California provides that "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding," including for those in tort based on the discretion of the Court. Cal. Civl Code section 1032, subd. (b); see also, Berkla v. Corel Corp., 302 F.3d 900, 919-920. As such, Plaintiffs' prayer for relief in the form of attorney's fees should not be disturbed.

Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' First Amended Complaint
Case No. C-13-4911-LB

**CONCLUSION**

Based on the foregoing, the Court should deny Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' First Amended Complaint. Plaintiffs are not estopped from lodging a claim for Intentional Infliction of Emotional Distress or from seeking damages for the severe emotional distress they suffered as a result of the subject-incident. Even if the Court strikes Plaintiffs' cause of action for respondeat superior, Plaintiffs adequately and expressly allege that Defendant Ares Papageorge acted as an employee, manager, owner, or other agent of Defendant Royal Oak Bar and Defendant Royal Oak Bar is, thereby, liable to Plaintiffs via respondeat superior theory of liability. Moreover, Plaintiffs can seek punitive damages from Defendant Royal Oak Bar as they condoned and ratified the conduct of their agent Defendant Ares Papageorge. Finally, Plaintiffs are entitled to seek attorney fees should they prevail in this matter.


Dated:  April 10, 2014                    The Law Offices of John L. Burris



                                          By:_____
                                                  DeWitt M. Lacy


                                          Attorneys for Plaintiffs

                                          MICHAEL BEAL and ASHLEY JACKSON