1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11  MICHAEL BEAL, et al.,                     No. C 13-04911 LB

12          Plaintiff,                        **ORDER GRANTING IN PART AND
                                              DENYING IN PART DEFENDANTS'**
        v.                                    **MOTION FOR JUDGMENT ON THE**
13                                            **PLEADINGS**
    ROYAL OAK BAR, et al.,
14                                            [Re: ECF No. 21]
            Defendant.
15
    _____/
16

17                            **INTRODUCTION**

18      Plaintiffs Michael Beal and Ashley Jackson (collectively, "Plaintiffs") are suing for injuries

19  resulting from an alleged physical altercation with defendant Ares Papageorge on the premises of

20  defendant Royal Oak Bar (the "Royal Oak") (collectively, "Defendants"), a bar in San Francisco,

21  California, on the night of March 17, 2010.  *See* First Amended Complaint ("FAC"), ECF No. 1-7 ¶

22  3-8.[1]  Shortly after answering Plaintiffs' First Amended Complaint, Defendants moved for judgment

23  on the pleadings under Federal Rule of Civil Procedure 12(c).  *See* Motion, ECF No. 21; Memo,

24  ECF No. 24.  Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for

25  determination without oral argument and vacates the May 15, 2014 hearing.  Upon consideration of

26  the papers submitted and the applicable legal authority, the court **GRANTS IN PART** and **DENIES**

27  _____

28      [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-
    generated page number at the top of the document.

C 13-04911 LB
ORDER

**IN PART** Defendants' motion.

## STATEMENT

According to the First Amended Complaint, on March 17, 2010, at approximately 11:30 p.m., Plaintiffs entered the Royal Oak and sat at the bar to socialize over drinks.  When Plaintiffs were finished, Mr. Beal attempted to retrieve his credit card from the bartender.  FAC, ECF No. 1-7 ¶ 8. A dispute ensued: Mr. Beal believed that the bartender still had his credit card, while the bartender insisted that he already gave the card back to Mr. Beal.  *Id.*  The dispute escalated to a physical altercation when Mr. Papageorge intervened and confronted Mr. Beal.  *Id.*  Mr. Papageorge told Mr. Beal to "get the f–k out of my bar" and hit Mr. Beal on the head with a blunt object that Plaintiffs' believe was a baseball bat.  *Id.*  Mr. Papageorge continued to strike Mr. Beal's head and the back with the weapon while Mr. Beal was on the ground.  *Id.*  Mr. Beal's head bled profusely.  *Id.*  Mr. Papageorge also threatened to hit Ms. Jackson with the weapon when she attempted to stop the assault on Mr. Beal.  *Id.*  The police eventually arrived to the scene, and Plaintiffs subsequently filed a criminal complaint against Mr. Papageorge.  *Id.*

Mr Beal was taken by ambulance to University of California - San Francisco Medical Center's Emergency Department where he received a CT scan and stitches for his head wound.  *Id.* at ¶ 9.  He claims that as a result of the attack he suffered from nausea, disorientation, and severe bleeding from his head.  *Id.*  He also had to return to the hospital a few days after the initial visit with symptoms of continued nausea, dizziness, visual impairment and headaches, all of which persisted for several months after the alleged incident.  *Id.*  The head wound has left a permanent scar.  *Id.*  Ms. Jackson asserts that she was traumatized by seeing Mr. Papageorge attack Mr. Beal and because of his threats to hit her, too.  *Id.*

Plaintiffs filed this action in the San Francisco Superior Court on April 29, 2011.  *See* Original Complaint, ECF No. 1-3.  On June 7, 2013, after discussions about whether Plaintiffs would have to submit to an examination by Defendants' medical experts, the parties entered into a stipulation (the "June 7 Stipulation") that provides as follows:

> 1.  This matter arises from a disturbance at the Royal Oak Bar in San Francisco on March 17, 2010.

> 2.  This personal injury action was filed by Plaintiffs Michael Beal and Ashley

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Jackson on April 29, 2011.  Defendants Ares Papageorge and the Royal Oak Bar
2   answered the complaint; Cross-Complainants Ares Papageorge and Royal Oak Bar, a
    California Corporation filed a First Amended Cross-Complaint to which
3   Cross-Defendants Michael Beal and Ashley Jackson answered.

4   3.  Plaintiffs Michael Beal and Ashley Jackson's motion for leave to file a first
    amended complaint is set to be heard in this Court on June 7, 2013.  In that motion,
    Plaintiffs seek only to add to their prayer for relief claims for (a) pain and suffering,
5   and (b) punitive damages.  Defendants Ares Papageorge and Royal Oak Bar have
    opposed that motion.
6
    4.  Defendants demanded a mental examination of both Plaintiffs in connection with
7   the plaintiffs' claims of depression, PTSD, paranoia, and related psychological
    claims.
8
    5.  There has been extensive motion work in connection with the plaintiffs' claims of
9   depression, PTSD, paranoia, and related psychological claims.

10  6.  The parties, through counsel, in view of the above, the history of this case, and
    California law, hereby agree pursuant to California Code of Civil Procedure (CCP)
11  section 2032.320(c), Plaintiffs stipulate and agree no claim is being made for mental
    and emotional distress over and above that usually associated with the physical
12  injuries claimed; they will not claim depression, PTSD, paranoia, or related
    psychological conditions as injuries in this case.  Further, Plaintiffs stipulate and
13  agree that no expert testimony regarding this usual mental and emotional distress will
    be presented at trial in support of the claim for damages.  Plaintiffs are not claiming
14  any psychological disorders, injuries, or conditions were caused by what transpired at
    the Royal Oak Bar on March 17, 2010, and shall not present any such evidence at
15  trial over and above that usually associated with the physical injuries claimed.

16  7.  In exchange, Defendants shall not seek mental examinations of Plaintiffs and shall
    drop their demands for mental examinations of both Plaintiffs under CCP section
17  2032.310, et seq.

18  June 7 Stipulation, ECF No. 1-13 ¶¶ 1-7.

19      Plaintiffs filed the operative First Amended Complaint on September 13, 2013.  *See* FAC, ECF

20  No. 1-7.  In it, Plaintiffs bring the following four claims: (1) Battery against Mr. Papageorge; (2)

21  Assault against Mr. Papageorge; (3) Intentional Infliction of Emotional Distress ("IIED") against

22  Mr. Papageorge; and (4) *Respondeat Superior* liability against Royal Oak.  *See Id.* ¶¶ 10-20.  They

23  seek special damages, general damages, punitive damages, reasonable attorney's fees, costs, and

24  such other and further relief that the court deems just and proper.  *Id.* at 6-7.

25      On October 23, 2013, Defendants removed the case to this court.  *See* Notice of Removal, ECF

26  No. 1.  At the court's direction, *see* 2/13/2014 Minute Order, ECF No. 12; 2/26/2014 Order, ECF

27  No. 17, Defendants answered Plaintiffs' FAC on March 3, 2014.  *See* Answer, ECF No. 18.  On

28  March 27, 2013, Defendants filed a motion for judgment on the pleadings under Rule 12(c).  *See*

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Motion, ECF No. 21; Memo, ECF No. 24.[2]  Plaintiff filed an opposition on April 10, 2014, and

2   Defendants filed a reply on April 17, 2014.  *See* Opposition, ECF No. 26; Reply, ECF No. 27.

3                                       **ANALYSIS**

4   **I. LEGAL STANDARD**

5        "After the pleadings are closed – but early enough not to delay trial – a party may move for

6   judgment on the pleadings." Fed. R. Civ. P. 12(c).  "[T]he same standard of review applicable to a

7   Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally

8   identical." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  A Rule 12(c)

9   motion may thus be predicated on either (1) the lack of a cognizable legal theory or (2) insufficient

10  facts to support a cognizable legal claim.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

11  (9th Cir. 1990).  When considering a motion to dismiss under Rule 12(c), the court "must accept all

12  factual allegations in the complaint as true and construe them in the light most favorable to the

13  non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  "A judgment on the

14  pleadings is proper if, taking all of [plaintiff]'s allegations in its pleadings as true, [defendant] is

15  entitled to judgment as a matter of law." *Compton Unified School Dist. v. Addison*, 598 F.3d 1181,

16  1185 (9th Cir. 2010).

17       Although a court generally is confined to the pleadings on a Rule 12(c) motion, "[a] court may,

18  however, consider certain materials – documents attached to the complaint, documents incorporated

19

20       [2] Defendants also filed a request for judicial notice that asks the court to take judicial notice

21  of pleadings and orders already filed in this action.  *See* Request for Judicial Notice, ECF No. 22.
    Because these documents are already filed in the docket for this action, it is unnecessary for the

22  court to take judicial notice of them.  *See Johnson v. Haight Ashbury Med. Clinics, Inc.*, No.
    C–11–02052–YGR, 2012 WL 629312, at *1 (N.D. Cal. Feb. 27, 2012) (denying a request for

23  judicial notice "because it is unnecessary to take judicial notice of documents in the record in this

24  action"); *Martinez v. Blanas*, No. 2:06–cv–0088 FCD DAD (PC), 2011 WL 864956, at *1 n.1 (E.D.
    Cal. Mar. 10, 2011) ("Defendant's request for judicial notice of the second amended complaint will

25  be denied as unnecessary.  The second amended complaint and its exhibits are a part of the record in
    this action."); *Patoc v. Lexington Ins. Co.*, No. 08-01893 RMW (PVT), 2008 WL 3244079, at *1 n.3

26  (N.D. Cal. Aug. 5, 2008) ("Because this complaint is already before the Court as an exhibit to the

27  Notice of Removal, the Court does not need to take judicial notice of this complaint."); *see also*

28  *Jackson v. Med. Bd. of Cal.*, 424 Fed. Appx. 670, 670 (9th Cir. Mar. 25, 2011).  Defendants' request
    therefore is denied.

1   by reference in the complaint, or matters of judicial notice – without converting the motion to

2   dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

3   2003); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).  The Ninth Circuit

4   has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim

5   depends on the contents of a document, the defendant attaches the document to its motion to dismiss,

6   and the parties do not dispute the authenticity of the document, even though the plaintiff does not

7   explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068,

8   1076 (9th Cir.2005) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding that the

9   district court properly considered documents attached to a motion to dismiss that described the terms

10  of plaintiff's group health insurance plan, where plaintiff alleged membership in the plan, his claims

11  depended on the conditions described in the documents, and plaintiff never disputed their

12  authenticity); *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002) (taking into account newspaper

13  article containing allegedly defamatory statement under the "incorporation by reference" doctrine

14  where it was "central" to plaintiff's claim, defendant attached it to the motion for judgment on the

15  pleadings, and plaintiff did not contest its authenticity)).

16  **II.  THE MERITS OF DEFENDANTS' MOTION**

17      Through their motion, Defendants ask the court to grant judgment on the pleadings in their favor

18  with respect to Plaintiffs' third claim (and some of the specific allegations made in relation to it),

19  their fourth claim, and their prayer for attorney's fees and punitive damages.  See generally Memo,

20  ECF No. 24.  Defendants do not challenge Plaintiffs' first and second claims.  Each of Defendants'

21  challenges is addressed in turn below.

22      **A. Plaintiffs' Third Claim against Mr. Papageorge for IIED and the Related Allegations of**

23      **Severe and Extreme Mental and Emotional Distress**

24      Plaintiffs' third claim is against Mr. Papageorge for IIED.  *See* FAC, ECF No. 1-7 ¶¶ 16-18.  In

25  California, "[a] cause of action for intentional infliction of emotional distress exists when there is (1)

26  extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard

27  of the probability of causing, emotional distress; (2) the plaintiff's suffering *severe or extreme*

28

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1   *emotional distress*;[3] and (3) actual and proximate causation of the emotional distress by the

2   defendant's outrageous conduct."[4]   *Kelley v. Conco Cos.*, 196 Cal. App. 4th 191, 215 (Cal. Ct. App.

3   2011) (emphasis added).

4          Defendants argue simply that Plaintiffs' IIED claim fails because the June 7 Stipulation bars

5   Plaintiffs from claiming severe and extreme mental and emotional distress.  *See* Motion, ECF No. 21

6   at 1; Memo, ECF No. 24 at 4.[5]  And if this is the case, Defendants say that Plaintiffs' allegations of

7   severe and extreme mental and emotional distress, *see* FAC, ECF No. 1-7 ¶¶ 12, 15, 17, 18, also

8   must fail.  *See* Motion, ECF No. 21 at 2; Memo, ECF No. 24 at 7-8.

9          The court, however, does not agree with Defendants' broad reading of the June 7 Stipulation.

10   For one, the language is clear that what Plaintiffs are barred from doing is bringing a claim for

11   mental and emotional distress that is based on depression, PTSD, paranoia, or related psychological

12   conditions or that relies upon expert testimony.  *See* June 7 Stipulation, ECF No. 1-13 ¶ 6.  This

13   reading also makes sense given that the June 7 Stipulation was entered into at the same time the

14   parties were arguing over Plaintiffs' proposed First Amended Complaint, yet the June 7 Stipulation,

15   which was filed a few months before the First Amended Complaint was filed, says nothing about an

16   IIED claim or general allegations of severe emotional distress.  *See generally id.*  Finally, as

17   Plaintiffs correctly point out in their opposition, a plaintiff need not submit expert testimony to

18   _____

19       [3] "Severe emotional distress [is] emotional distress of such substantial quantity or enduring

20   quality that no reasonable man in civilized society should be expected to endure it."  *Fletcher v. Western Life Insurance Co.*, 10 Cal. App. 3d 376, 397 (Cal Ct. App. 1970).  "It is for the court to

21   determine whether on the evidence severe emotional distress can be found; it is for the jury to determine whether, on the evidence, it has in fact existed."  *Id.*

22   
23       [4] A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community.  Also, a defendant's conduct must be "intended to

24   inflict injury or engaged in with the realization that injury will result."  *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (Cal. 2009).  Defendants seem to concede that the alleged actions of Mr. Papageorge

25   do meet the level to qualify as "outrageous."

26       [5] Defendants also argue that Plaintiffs are judicially estopped from bringing their IIED claim

27   because the Superior Court entered the June 7 Stipulation as an order.  *See* Motion, ECF No. 21 at 1; Memo, ECF No. 24 at 4-5.  Because the court rejects Defendants' argument that the June 7

28   Stipulation bars Plaintiffs from bringing an IIED claim, the court also rejects Defendants' judicial estoppel argument.

1    prove an IIED claim; a plaintiff may instead rely only upon lay witness testimony is he or she so

2    chooses.[6]

3        Accordingly, the court **DENIES** Defendants' motion for judgment on the pleadings as to

4    Plaintiffs' IIED claim.  Given the court's judgment on Plaintiffs' IIED claim, the court also

5    **DENIES** Defendants' motion with respect to the allegations of severe and extreme mental and

6    emotional distress in Paragraphs 12, 15, 17 and 18 of the First Amended Complaint.

7        **B. Plaintiffs' Fourth Claim against the Royal Oak for Respondeat Superior Liability**

8        Plaintiffs' fourth claim is against the Royal Oak for *respondeat superior* liability.  *Respondeat*

9    *superior* is properly imposed when the tortfeasor was the "servant" of the party against whom

10   liability is sought.  *Krueger By and Through Krueger v. Mammoth Mountain Ski Area, Inc.*, 873

11   F.2d 222, 223 (9th Cir. 1989).  Generally, the terms "master-servant" are considered synonymous

12   with "employer-employee."  *Id.*; *see* Restatement (Second) of Agency § 220(1) (1958).  "[A]n

13   employee's willful, malicious and even criminal torts may fall within the scope of his or her

14   employment for purposes of *respondeat superior*, even though the employer has not authorized the

15   employee to commit crimes or intentional torts."  *Lisa M. v. Henry Mayo Newhall memorial*

16   *Hospital*, 12 Cal. 4th 291, 297 (Cal. Ct. App. 1995).

17       Defendants argue that *respondeat superior* cannot be the basis for a separate, independent claim.

18   Motion, ECF No. 21 at 1-2; Memo, ECF No. 24 at (citing *Lisa M.*, 12 Cal. 4th at 296).  Plaintiffs

19   concede that this is true, see Opposition, ECF. No. 26 at 9 (citing *Animal Legal Defense Fund v.*

20   *HVFG LLC*, No. C 12–05809 WHA, 2013 WL 3242244, (N.D. Cal. June 25, 2013) (dismissing

21   *respondeat superior* cause of action without leave to amend for this reason)), but they argue that

22   they nevertheless may rely upon *respondeat superior* as a theory of liability against the Royal Oak

23   for the underlying tort claims.  To accomplish this, the court will dismiss Plaintiffs' fourth claim

---

25       [6] That said, the court wishes to address Plaintiffs' statement from their opposition that they
26   "intend [to] present[] the testimony of their medical providers regarding the extreme emotional
     distress for which they were treated."  *See* Opposition, ECF No. 26 at 7.  While the June 7
27   Stipulation does not bar their IIED claim, it does bar them from presenting "expert testimony
     regarding [the] usual mental and emotional distress . . . at trial in support of the claim for damages."
28   June 7 Stipulation, ECF No. 1-13 ¶ 6.  Should this case proceed to trial, Plaintiffs must make sure
     they can reconcile their evidence with the requirements of the June 7 Stipulation.

against the Royal Oak for *respondeat superior* liability and will construe Plaintiffs' first three claims against Mr. Papageorge for battery, assault, and IIED as also having been brought against the Royal Oak under a *respondeat superior* theory.

Defendants' attempt to avoid such an outcome fails.  Citing deposition testimony, Defendants also argue that it is futile to keep the Royal Oak in this case because Mr. Papageorge was not an employee or agent of the Royal Oak at the time of the incident, so respondeat superior liability is not available here.  *See* Memo, ECF No. 24 at 6-7.  Such information, however, clearly goes beyond the four corners of the pleadings and contradicts Plaintiffs' allegation that Mr. Papageorge was an employee or agent of the Royal Oak, and the court declines at this time to convert Defendants' motion for judgment on the pleadings into one for summary judgment.

Accordingly, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion with respect to Plaintiffs' fourth claim against the Royal Oak.

## C.  Plaintiffs' Prayer for Relief

In their prayer for relief, Plaintiffs seek, among other things, punitive damages and attorney's fees.  Defendants argue that Plaintiffs are not entitled to punitive damages from the Royal Oak or attorney's fees.  Motion, ECF No. 21 at 2; Memo, ECF No. 24 at 8-9.

As for punitive damages, Defendants argue that Plaintiffs do not allege a basis for punitive damages against the Royal Oak, as Mr. Papageorge was not an employee or agent of the Royal Oak and the time of the incident.  *See* Memo, ECF No. 24 at 8.  But as explained above, Mr. Papageorge's status is a disputed issue of material fact, and the court will not covert Defendant's motion into one for summary judgment.  This means that the court cannot rule at this time that Plaintiffs are barred from seeking punitive damages from the Royal Oak.

As for the attorney's fees, although they cite no legal authority, Defendants point out that under the "American Rule," each party is responsible for paying its own attorney's fees unless an applicable statutory or contractual provision allows for the assessment of those fees against the other party, and argue that Plaintiffs cannot identify any such provision.[7]  *See* Memo, ECF No. 24 at 8-9.

---

[7] In diversity cases involving state law claims, federal courts apply the law of the forum state.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Kona Enterprises, Inc. v.*

UNITED STATES DISTRICT COURT
For the Northern District of California

1  Rather that citing broad legal principals, in this diversity case, Plaintiffs should have cited to

2  California law, *see Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (in diversity

3  cases involving state law claims, federal courts apply the law of the forum state), which allows a

4  party to recover attorneys' fees when authorized by statute, contract, or law, *see* Cal. Code Civ.

5  Proc. § 1033.5(a)(10).

6      In their opposition, Plaintiffs argue simply that "California [law] provides that 'a prevailing party

7  is entitled as a matter of right to recover costs in any action or proceeding,' including for those in

8  tort based on the discretion of the Court." Opposition, ECF No. 26 at 10 (quoting Cal. Code Civ.

9  Proc. § 1032(b) and citing *Berkla v. Corel Corp.*, 302 F.3d 909, 919-20 (9th Cir. 2002) (discussing

10  the award of attorney's fees to party prevailing on a *contract* claim).

11     Plaintiffs' argument is not persuasive. To explain: California Code of Civil Procedure §

12  1032(b)—the only statute cited by Plaintiffs—provides that, "Except as otherwise expressly

13  provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or

14  proceeding." California Code of Civil Procedure § 1033.5(a), in turn, specifies which items are

15  allowable as costs under § 1032, and Subsection (a)(10) provides that attorney's fees, when

16  authorized by contract, statute, or law, are allowable as costs under § 1032. *See Co-Investor AG v.*

17  *Fonjax, Inc.*, No. C 08-1812 SBA, 2010 WL 1292767, at *4 (N.D. Cal. Mar. 31, 2010) ("Attorneys'

18  fees are not 'costs' under section 1033.5 unless an award of fees is authorized by contract, statute or

19  law.") (citing Cal. Code Civ. Proc. § 1033.5(a)(10)). Plaintiffs fail to cite to any contract, statute, or

20  law that allows them to recover attorney's fees as costs under § 1033.5. *See* Opposition, ECF No. 26

21  at 10. Instead, they argue that § 1032 allows a prevailing party to recover costs under § 1033.5 and

22  they suggest that § 1032 also that satisfies § 1033.5's requirement that a statute allow attorney's fees

23  to qualify as a cost under section 1032. But it is illogical to allow a law requiring a specific statute

24  authorizing attorney's fees to qualify as costs, to also satisfy its own requirement, and Plaintiffs cite

25  no other authority holding otherwise.

26

27  _____

28  *Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). California law allows a party to recover
    attorneys' fees when authorized by statute, contract, or law. *See* Cal. Code Civ. Proc. §
    1033.5(a)(10).

1     Accordingly, the court **DENIES** Defendants' motion with respect to Plaintiffs' prayer to recover

2 punitive damages but **GRANTS** Defendants' motion with respect to Plaintiffs' prayer to recover

3 attorney's fees.

4 **CONCLUSION**

5     For the reasons stated above, the court **GRANTS IN PART** and **DENIES IN PART**

6 Defendants' motion for judgment on the pleadings.  The court **DENIES** Defendants' motion with

7 respect to Plaintiffs' third claim for IIED claim and the allegations of severe and extreme mental and

8 emotional distress in Paragraphs 12, 15, 17 and 18 of the First Amended Complaint.  The court

9 **GRANTS IN PART** and **DENIES IN PART** Defendants' motion with respect to Plaintiffs' fourth

10 claim against the Royal Oak and **DISMISSES** it but construes Plaintiffs' first three claims against

11 Mr. Papageorge for battery, assault, and IIED as also having been brought against the Royal Oak

12 under a *respondeat superior* theory.  The court also **DENIES** Defendants' motion with respect to

13 Plaintiffs' prayer for punitive damages but **GRANTS** Defendants' motion with respect to Plaintiffs'

14 prayer to recover attorney's fees.

15     **IT IS SO ORDERED.**

16 Dated: April 28, 2014

17 _____

18 LAUREL BEELER
    United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California