UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MICHAEL BEAL, et al., | No. C 13-04911 LB |
| Plaintiffs, | **ORDER REGARDING DEFENDANTS' COUNSEL'S MOTION TO WITHDRAW** |
| v. | |
| ROYAL OAK BAR, et al., | [Re: ECF No. 25] |
| Defendants. | |

Defendants Royal Oak Bar and Ares Papageorge (collectively, "Defendants") are represented by attorney Russell Robinson. On April 7, 2014, Mr. Robinson moved to withdraw as Defendants' counsel because his relationship with his clients is "in shambles." Motion to Withdraw, ECF No. 25 at 2.[1] He says that Katherine Papageorge, the owner of the Royal Oak Bar, "is trying," through him, "to practice law without a license." *Id.* And he says that he "has expressly been instructed not to perform any further work on behalf of" Mr. Papageorge. *Id.* at 3.

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The local rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 13-04911 LB
ORDER REGARDING MOTION TO WITHDRAW

granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or *pro se* if the client is not a corporate defendant. N.D. Cal. Civ. L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PHJ, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citation omitted). California Rule of Professional Conduct 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw. *See* Cal. Rules of Prof'l Conduct R. 3-700(C).

The decision to grant or deny a motion to withdraw is discretionary with the court, and the court can use "its discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) *(citing Mandel v. Superior Court*, 67 Cal. App. 3d 1, 4 (1977)) (holding there was no prejudice or undue delay to client where counsel provided sufficient notice of its intent to withdraw and where no trial date had yet been set in the case).

The court issues this order to appraise counsel and the parties of the legal standard (described above) and to reiterate that the motion will be heard at 9:30 a.m. on May 15, 2014 (even though Plaintiffs did not file an opposition to Defendants' counsel's motion). The court **ORDERS** Mr. Robinson, Mr. Papageorge, and Ms. Papageorge to appear at the hearing in person. Mr. Robinson **SHALL** serve this order on Mr. Papageorge and Ms. Papageorge and advise them of the need to appear at the May 15, 2014 hearing in person. Plaintiffs, on the other hand, may appear at the hearing by telephone through CourtCall, if they so desire.

The court also wishes to notify the parties that they should be prepared to discuss their mandatory appearances at the May 27, 2014 settlement conference before Judge Cousins.

1 **IT IS SO ORDERED.**

2 Dated: April 28, 2014

3 _____
LAUREL BEELER
United States Magistrate Judge