UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MICHAEL BEAL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROYAL OAK BAR, et al., <br><br> Defendants. | Case No. 13-cv-04911-LB <br><br> **ORDER RE RECONSIDERATION OF SANCTIONS** <br><br> Re: ECF No. 133 |

## OVERVIEW

This is an assault and battery removal action arising from a fight between the plaintiffs, Michael Beal and Ashley Jackson, and an owner and employee of the defendant Royal Oak Bar.[1] Before the defendants removed the case to this court, the state court imposed two sets of discovery-related monetary sanctions on the plaintiffs and their counsel.

The state court first imposed $9,500 in sanctions on April 17, 2013 (the "April Sanctions").[2] The April Sanctions followed the revelation that the plaintiffs had not disclosed the names of treating physicians in their initial disclosures (though they disclosed the names in later depositions).[3] The plaintiffs appealed the order — as permitted by California law — but, before

---

[1] First Amended Complaint – ECF No. 1-7. Record citations are to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of documents.

[2] Epling Decl. – ECF No. 140-1, ¶ 5, Ex. B; Lacy Decl. – ECF No. 134, ¶ 9.

[3] Lacy Decl. ¶¶ 7-9.

ORDER (No. 13-cv-04911-LB)

the appeals court heard the appeal, the defendants removed the case and rendered the court of appeal without jurisdiction.[4]

The state court imposed $1,860 in sanctions on October 9, 2013 (the "October Sanctions").[5] The October Sanctions followed the defendants' motion to compel a statement of damages — a statement that the plaintiffs produced two weeks prior to the state court's sanctions order.[6] The defendants removed the case to this court on October 13, 2013.[7]

The initial case-management conferences focused on procedural matters.[8] The plaintiffs did raise the sanctions issue; the court said that it would reconsider the issue later.[9] They now seek leave to file a motion for reconsideration.[10] The court vacates the October Sanctions under its inherent authority and grants leave to file a motion for reconsideration of the April Sanctions.

## GOVERNING LAW

When a case is removed to federal court, "[a]ll injunctions, orders, and other proceedings had in [state court] prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Thus, "[t]he longstanding principle is that '[a]fter removal, the federal court takes the case up where the state court left it off[.]'" *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70*, 415 U.S. 423, 436 (1974)) (internal quotations omitted). In picking up the case, the federal court applies federal law in future proceedings and may reconsider state-court orders. *Preasseau v. Prudential Ins. Co. of America*, 591 F.2d 74, 79-80 (9th Cir. 1979); Fed. R. Civ. P. 81(c)(1).

---

[4] Lacy Decl. ¶¶ 10, 15-16.
[5] Lacy Decl. ¶¶ 12-14; Epling Decl. Ex. G.
[6] Lacy Decl. ¶¶ 11-14.
[7] Notice of Removal – ECF No. 1.
[8] Lacy Decl. ¶ 15.
[9] The court does not conduct case-management conferences on the record.
[10] Motion for Leave to File a Motion for Reconsideration – ECF No. 133.

ORDER (No. 13-cv-04911-LB)   2

A district court can "reconsider" final judgments or appealable interlocutory orders pursuant to Federal Rules of Civil Procedure 59(e) (governing motions to alter or amend judgments) and 60(b) (governing motions for relief from a final judgment). *See Balla v. Idaho Bd. of Corr.*, 869 F.2d 461, 466-67 (9th Cir. 1989). A district court can also "reconsider" non-final judgments pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Reconsideration is appropriate when 1) the court is presented with newly discovered evidence, 2) the underlying decision was in clear error or manifestly unjust, or 3) there is an intervening change in controlling law. *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.*

Under this District's Civil Local Rules, a party seeking reconsideration must first request permission from the court before filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9. In seeking permission from the court, the party must show that 1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, 2) there has been an emergence of new material facts or a change in law since the court issued the order, or 3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented. *Id.* at 7-9(b).

Although the Federal Rules of Civil Procedure and this District's Local Rules create avenues for reconsideration, they do not abridge the court's inherent, common-law based authority to grant relief from interlocutory orders. *Santa Monica Baykeeper*, 254 F.3d at 887 (Federal Rules of Civil Procedure); *JMP Securities LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1035 (N.D. Cal. 2012) (Northern District of California Local Rules). Parties' non-compliance with these procedural technicalities will not prevent the court (while it still has jurisdiction) from exercising its inherent authority to "reconsider, rescind, or modify an interlocutory order for cause seen by it

to be sufficient." *Santa Monica Baykeeper*, 254 F.3d at 889 (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)); *JMP Securities LLP*, 880 F. Supp. 2d at 1035.[11]

## ANALYSIS

On the merits, the court's view is that sanctions are not appropriate. The record demonstrates multiple delays caused by both parties, multiple changes in counsel, and busy schedules.[12] No party is without fault in delaying litigation; the history of the case shows the efforts needed to get everyone into court to participate in the litigation. One could argue that if sanctions are merited against the plaintiffs, they are equally merited against the defendants. (The court does not fault counsel for either party; both have been industrious in trying to move the case along under difficult circumstances.) Moreover, the court sees no bad faith, intentional delay, or prejudice. And the plaintiffs produced the information that led to the sanctions: the names of treating physicians and the statement of damages.[13]

But the merits are not the end of the inquiry. There also are two procedural issues. Initially: can this court reconsider a state court's sanctions orders? Yes. This is a removal action and, as such, this court picks up where the state court left off and may reconsider any order over which it still has jurisdiction.

The second issue is this: can this court reconsider and vacate the sanctions now? Yes, at least in part. The plaintiffs brought this motion as a motion for leave to file a motion for reconsideration under Local Rule 7-9, which requires that a motion be brought with reasonable diligence, or, alternatively, for relief from the sanctions order pursuant to Rule 60(b), which has a one-year time bar for final orders.[14]

---

[11] The court notes, however, that this order should not be "construed to create any sort of exception to or expansion of Civil Local Rule 7-9." *JMP Securities LLP*, 880 F. Supp. 2d at 1035 n.4.

[12] *See, e.g.*, Lacy Decl. ¶¶ 6, 11, 15.

[13] *Id.* ¶¶ 7, 11-13.

[14] *See generally* Motion.

ORDER (No. 13-cv-04911-LB)   4

For the October Sanctions, the order was not final upon removal. Rule 7-9 presents no bar: the court previously gave leave to file a motion for reconsideration, did not specify a time to do so, and focused the parties' attention on discovery and participation in a settlement conference. The defendants argue that the plaintiffs delayed too long in filing the motion. Even if that were true, the court can consider the issue under its inherent authority. The court sees no need to require more argument on the October Sanctions; to require additional filings would do more harm than good. *See JMP Securities LLP*, 880 F. Supp. 2d at 1035 (stating that the "local rules are meant to streamline the administration of justice, not complicate it" and, on the facts in that case, "punctilious enforcement of the local rule's technical requirements would do more harm than good"). At the hearing, the defendants did not dispute the court's inherent authority to address the October Sanctions. Under its inherent authority, the court rescinds the October Sanctions.

The decision is trickier with the April Sanctions.

At the hearing, the defendants elaborated that the order was final under California law, reiterated their argument that the plaintiffs waived reconsideration of the April Sanctions by appealing to the California Court of Appeal,[15] and emphasized that the procedural context here is only the plaintiffs' motion for leave to file a motion for reconsideration. They want to oppose that motion once filed. They also want to collect the sanctions in state court. (They have not tried to collect yet, though they proffer that their delay was to allow the undersigned to consider the issue first). Given the jurisdictional argument raised by the defendants, including the effect of the plaintiffs' decision to appeal the order in state court, the court grants leave to the plaintiffs to file a motion for reconsideration of the April Sanctions. The court again observes that the plaintiffs raised the sanctions issue well within Rule 60(b)'s one year; the court delayed that inquiry.

The defendants offered to postpone the motion and any collection efforts until after the settlement conference. The court suggested deferral until the end of the case. The court directs the parties to confer within seven days and then advise the court of the timeline for the motion.

---

[15] *See* Opposition – ECF No. 140.

ORDER (No. 13-cv-04911-LB)   5

## CONCLUSION

The court rescinds the October Sanctions, grants the plaintiffs' motion for leave to file a motion to reconsider the April Sanctions, and directs the parties to confer and set a timeline for the filing of that motion. This disposes of ECF No. 133.

**IT IS SO ORDERED.**

Dated: June 13, 2016

_____
LAUREL BEELER
United States Magistrate Judge